## Case No. 12,871.

### SIMMS v. SCOTT et al.

[5 Cranch, C. C. 644.] [1]

Circuit Court, District of Columbia. March Term, 1840.

HUSBAND AND WIFE—WIFE'S SEPARATE DEBTS—HOW PAYABLE.

A *feme covert*, having a separate estate in the hands of her trustee, may contract debts and bind her separate estate for the payment; and the court will appoint a receiver to collect the rents and profits.

Bill in equity [by Elexius Simms against Elizabeth Scott and Susan Ann Stretch] to charge the separate estate of a *feme covert*.

The defendant, Elizabeth Scott, was the wife of Alexander Scott, who was insolvent, and possessed no estate or property of any kind. A separate estate, however, had been vested in her daughter, the defendant, Susan Ann Stretch, "in trust, that Elizabeth Scott, wife of Alexander Scott, of the city of Washington, shall have, use, occupy, possess, enjoy, and receive, after the taxes and necessary repairs of said property shall have been paid, the rents, issues, and profits thereof, for and during her natural life, to and for her own separate and sole use, *notwithstanding her coverture*, and without being in anywise subject to the debts or control of her said husband, Alexander Scott, or any other with whom she may intermarry; and her separate receipt shall be, and be taken as, a full discharge for any sum or sums of money which shall or may become due and payable to her out of the said lands and premises; and she may appoint, in like manner, by her separate writing under seal, any other person or persons to receive the same for her as though she were sole; and, after the death of the said Elizabeth Scott, then to such person or persons as she shall or may, by writing, under her hand and seal, or by her last will and testament, direct and appoint; and in default of such appointment, to the right heirs of the said Elizabeth."

The bill states that the complainant, entirely upon the credit of her separate estate, supplied her from time to time with groceries for the use of her family, to the amount of $180; when, on the 10th of January, 1837, she, and her said trustee, executed the following paper, addressed to Dr. Causin: "$180. Washington City, January 10, 1837. Sir: You will please pay to Mr. Elexius Simms, or his order, the sum of one hundred and eighty dollars, in the event of the claim of the heirs of the late Col. Jonathan H. Stone's bill passing this session, on which there was a bill reported at the last session of congress; or, should it not pass, we hold ourselves bound for the above

[1] [Reported by Hon. William Cranch, Chief Judge.]

amount to the said Elexius Simms. Elizabeth Scott. Susan Ann Stretch, Trustee for Elizabeth Scott." "Should the claim alluded to above, pass, I will pay the above amount of one hundred and eighty dollars, as soon as the money is received by me. Nathaniel P. Causin. January 11, 1837." That the claim aforesaid never did pass; that the said Alexander Scott never was bound for the debt; and that the complainant's only remedy is against Mrs. Scott and her separate estate; and he prays for an account of that estate, and payment of his claim, &c.

The answer of the defendant, Elizabeth, admits all the material facts, but says that she continued to live with the said Alexander Scott until his death, and that the articles furnished were for the use of his family, which he was bound to support; and that they were obtained with his knowledge and approbation; she admits that she had the sole and absolute disposition of her separate personal property, but that she had only a life estate in the real.

The cause was set for hearing on the bill, answer, general replication, and depositions.

C. Cox, for complainant. An absolute power of selling includes the lesser power of mortgaging or pledging. An equitable disposition of the property will be supported in a court of equity, although it may not be in the form required by the trust. The order of the 10th of January, 1837, is a charge upon the estate. Price v. Bigham, 7 Har. & J. 296; Jaques v. Methodist Episcopal Church, 17 Johns. 548. A court of equity will regard a *feme covert* as a *feme sole*, so far as regards her separate property, and will hold it bound by her bond or note, although void by her legal incapacity thus to bind herself, and although there be no express charge of the debt upon her property. Price v. Bigham, 7 Har. & J. 296; Heatley v. Thomas, 15 Ves. 596; Bullpin v. Clarke, 17 Ves. 365.

Mr. Bradley, contra, contended that Mrs. Scott had no power to bind the estate but according to the form prescribed in the trust. That she had only a life estate in the real property, and could not incumber the fee. Clancy, Mar. Wom. c. 5, pp. 289, 292, 304, 306; Wilson v. Cheshire, 1 McCord, Eq. 241.

THE COURT (THRUSTON, Circuit Judge, absent) decreed that the complainant was entitled to be paid out of the separate estate of Mrs. Scott, in the hands of her trustee; and that unless the debt should be paid by a certain day, the separate estate should be placed in the hands of a receiver, to collect the rents, &c., and that Alexander Hunter be appointed receiver, who should give bond, &c. &c.